IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GREGORY CHARLES BURKE,
    Plaintiff,

vs.                                                Case No. 3:07cv271/RV/MD

JOHN MAGEE,
    Defendant.

---

## REPORT AND RECOMMENDATION

    Plaintiff Gregory Charles Burke, appearing pro se, initiated this cause by filing a complaint seeking to recover damages for defamation of character, libel and slander from defendant John Magee.  As the basis for jurisdiction, plaintiff cites to title 28 U.S.C. § 1391(b)(1)(2).  This section actually governs venue, rather than jurisdiction.  Jurisdiction is addressed primarily in title 28 U.S.C. §§ 1331 and 1332.  Title 28 U.S.C. § 1331 provides for original jurisdiction in the district courts over all civil actions arising under the constitution, laws, or treaties of the United States.  The claims raised by plaintiff do not arise under federal law and thus § 1331 is inapplicable to plaintiff's case.  Title 28 U.S.C. § 1332 provides for jurisdiction over certain civil actions where the amount in controversy exceeds  $75,000.00.  Although plaintiff claims that the amount in controversy in his case is in excess of $75,000.00, jurisdiction does not lie as § 1332 also requires diversity of citizenship.  It is clear from the plaintiff's complaint that both plaintiff and the defendant reside in the state of Florida.

    A federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3); *University of South Alabama v. American Tobacco Co.* 168 F.3d 405, 410 (11th Cir. 1999) (once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue); *Lovern v.*

*Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).  The absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence.  *Lovern*, 190 F.3d at 654 (citing *Gibbs v. Buck*, 307 U.S. 66, 72, 59 S.Ct. 725, 83 L.Ed. 1111 (1939)).  The burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist.  *Lovern*, 190 F.3d at 654 (citing *Thomas v. Gaskill*, 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed.951 (1942); *Goldsmith v. Mayor & City Council of Baltimore*, 845 F.2d 61, 64 (4th Cir. 1988)).  In this case, the allegations of plaintiff's complaint clearly establish that this court is without jurisdiction over this action.  Therefore, the case should be dismissed.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for lack of subject matter jurisdiction and the clerk be directed to close the file.

At Pensacola, Florida, this 11th day of July, 2007.


/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).